Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| MRD, LLC<br><br>Peticionario<br><br>vs.<br><br>Pro Site Builders, LLC; Deya Elevators Services, Inc.; Compañías A y B; Fulano de Tal y Mengano de Tal; Fiadora X, Y, Z<br><br>Recurridos | KLAN202400235 | **APELACIÓN acogida como *CERTIORARI*** procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.: SJ2023CV05311 (504)<br><br>Sobre: Incumplimiento de Contrato |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Rivera Colón, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 4 de abril de 2024.

Comparece ante nos, MRD, LLC (MRD o peticionario), quien presenta recurso de apelación en el que solicita la revocación de la "Resolución" emitida el 1 de diciembre de 2023,[1] por el Tribunal de Primera Instancia, Sala Superior de San Juan. Mediante dicho dictamen, el foro primario determinó que la petición de reconsideración presentada por el peticionario no se notificó a todas las partes y, por tanto, no interrumpió los términos para recurrir ante este Tribunal de Apelaciones.

Tras examinar la naturaleza y procedencia del caso de autos, la apelación presentada ante nuestra consideración será acogida como un recurso de *Certiorari*, aunque conservará la clasificación alfanumérica asignada por la Secretaría de este Tribunal.

Examinada la solicitud de autos, el "Alegato en Oposición a Apelación", la totalidad del expediente y el estado de derecho

---

[1] Notificada el 5 de diciembre de 2023.

Número Identificador

SEN2024 _____

aplicable ante nuestra consideración, revocamos el dictamen mediante los fundamentos que expondremos a continuación.

**I.**

El 1 de octubre de 2020, MRD presentó una "Demanda" por incumplimiento de contrato, cobro de dinero y daños y perjuicios contra Deya Elevators Services, Inc. (Deya o recurrido), y Pro Site Builders, LLC (Pro Site). En esencia, alegó que Deya contrató a Pro Site para la construcción de un almacén. Arguyó que, a tales efectos, Pro Site le solicitó una propuesta para la instalación de un sistema de pilas en el suelo donde se estaría construyendo el almacén. Aduce que, como su propuesta fue aceptada por Pro Site, procedió a realizar los trabajos. Empero, afirma que, culminadas las labores, Pro Site se negó a pagar la cantidad de $76,924.31. Ante ello, aseveró que procedió entonces a reclamar el dinero adeudado a Deya, quien también se negó a emitir el pago. Por entender que la deuda es líquida, vencida y exigible, reclamó el pago de los $76,924.31, más costas, gastos, intereses y honorarios de abogado.

Tras varias incidencias procesales, el 24 de enero de 2023,[2] el Tribunal de Primera Instancia emitió una "Sentencia Parcial", y desestimó la causa de acción contra Deya. Lo anterior, debido a que, el 29 de mayo de 2020, Deya pagó a Pro Site la cantidad de $123,745.16, cuantía que incluía el pago de los trabajos realizados por MRD. Por tal motivo, concluyó que, al momento en que se presentó el reclamo, no existía una deuda líquida y exigible contra Deya. Así, dispuso que el pleito debía continuar exclusivamente contra Pro Site.

Inconforme, el 7 de febrero de 2023, MRD presentó "Moción de Reconsideración", y cuestionó el dictamen emitido por el foro primario. Con motivo de lo anterior, el 24 de abril de 2023, el foro

---

[2] Notificada el 25 de enero de 2023.

*a quo* emitió una "Resolución" confusa, de la cual no surge con claridad determinación alguna sobre la petición de reconsideración presentada por el peticionario.

Así las cosas, el 19 de mayo de 2023, Deya presentó un escrito,[3] y argumentó que nunca se le notificó la solicitud de reconsideración. Por entender que no hubo justa causa para omitir la notificación, esgrimió que la reconsideración no se perfeccionó y, consecuentemente, la "Sentencia Parcial" advino final y firme.

Esto provocó que ambas partes presentaran escritos en cuanto a la jurisdicción del tribunal para atender la "Moción de Reconsideración" presentada por MRD. Estando estos escritos ante la consideración del tribunal de instancia, el 24 de mayo de 2023, MRD recurrió ante este Tribunal de Apelaciones mediante auto de *Certiorari*,[4] y cuestionó la validez de la "Resolución" del 24 de abril de 2023.

Mediante "Resolución" emitida el 23 de junio de 2023,[5] un panel hermano concluyó que el recurso resultaba prematuro, ya que el foro primario aun no había dilucidado la controversia planteada por Deya, sobre la presunta falta de notificación. Sin adjudicar el asunto, devolvió el caso al tribunal de instancia para que éste determinase si tenía o no jurisdicción para atender la "Moción de Reconsideración" presentada por el peticionario.

Tras el recibo del Mandato,[6] el 1 de diciembre de 2023,[7] el Tribunal de Primera Instancia emitió "Resolución", y determinó lo siguiente:

> *[A]un cuando SUMAC notifica automáticamente a las partes... la representación legal de las partes sostiene el deber de corroborar que la tecnología no defraude el*

---

[3] Véase, "Moción para que Permanezca en toda su Fuerza y Vigor la Sentencia Parcial del 24 de enero de 2023, Notificada el 25 de enero de 2023".
[4] Véase, KLCE202300593.
[5] Notificada el 26 de junio de 2023.
[6] El Mandato fue recibido el 22 de septiembre de 2023.
[7] Notificada el 5 de diciembre de 2023.

*derecho de las partes al debido proceso de ley... Por ende, el o la representante legal sostiene la responsabilidad de asegurarse que la notificación automática, en efecto, se generó para todas las partes concernidas. En caso de que alguna de las partes promovidas no haya sido notificada por el SUMAC, la parte debe procurar la notificación inmediata a través de otro medio y tiene la responsabilidad de informarlo al Tribunal... para efectuar los ajustes correspondientes en el registro de notificaciones del caso a la brevedad posible.*

Considerando que MRD únicamente descansó en la notificación del SUMAC, y que no notificó a Deya su petición de reconsideración mediante otro medio, concluyó que carecía de jurisdicción para atender la solicitud. Esto, pues, el defecto en la notificación tuvo el efecto de que no se interrumpieran los términos para recurrir ante el Tribunal de Apelaciones. Por esta misma razón, determinó que la "Sentencia Parcial" advino final y firme.

En desacuerdo, el 18 de diciembre de 2023, MRD presentó una "Moción de Reconsideración", y reiteró que la presentación del documento constituye, a su vez, la notificación de éste. Examinada su solicitud, el 7 de febrero de 2024,[8] el foro *a quo* emitió una "Resolución", y la declaró No Ha Lugar.

Aún insatisfecha, MRD recurre ante esta segunda instancia judicial, y señala la comisión de los siguientes errores, a saber:

*Primer Error: Erró el Honorable Tribunal de Primera Instancia al determinar que no tenía jurisdicción para resolver la Moción de Reconsideración presentada por la parte demandante MRD al atribuirle culpa a ésta por error del Sistema SUMAC sin considerarlo como justa causa.*

*Segundo Error: Erró el Honorable Tribunal de Primera Instancia al no aplicar la regla de justa causa bajo la doctrina del cumplimiento estricto y al no dar por notificada tardíamente la Moción de Reconsideración a la fecha en que el apelado admitió que fue notificado.*

**II.**

El debido proceso de ley, en su vertiente procesal, exige que las partes sean notificadas de los escritos que se producen durante

---

[8] Notificada el 8 de febrero de 2024.

el trámite judicial. *Bco. Popular v. Andino Solís,* 192 DPR 172, 183 (2015). Por consiguiente, una notificación defectuosa, o la ausencia de ésta, incide sobre los derechos de las partes, enervando así las garantías procesales que estamos llamados a proteger. *Íd.,* pág. 184.

A esos efectos, la Regla 67.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 67.1, dispone que:

> *Se notificará a todas las partes toda orden emitida por el tribunal y todo escrito presentado por las partes. La notificación se efectuará el mismo día en que se emita la orden o se presente el escrito. No será necesario notificar a las partes en rebeldía por falta de comparecencia, excepto que las alegaciones en que se soliciten remedios nuevos o adicionales contra dichas partes se les notificarán en la forma dispuesta en la Regla 4.4 o, en su defecto, por la Regla 4.6, para diligenciar emplazamientos.*

Por su parte, la Regla 67.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 67.2, reglamenta la forma en cómo debe hacerse la notificación, y provee que:

> *Siempre que una parte haya comparecido representada por abogado o abogada, la notificación será efectuada al abogado o abogada, a menos que el tribunal ordene que la notificación se efectúe a la parte misma. La notificación al abogado o abogada, o a la parte se efectuará entregándole copia o remitiéndola por correo, fax o medio electrónico a la última dirección que se haya consignado en el expediente por la parte que se autorrepresenta o a la dirección del abogado o abogada que surge del registro del Tribunal Supremo para recibir notificaciones, en cumplimiento con la Regla 9. Si la dirección se desconoce, se notificará de ello al tribunal con copia del escrito de que se trate.*

El cumplimiento con las reglas que anteceden es corolario del debido proceso de ley, e indispensable para mantener un sistema de justicia ordenado. *Rosario Domínguez, et als. v. ELA et al.,* 198 DPR 197, 214 (2017). El propósito de la notificación es promover "que todas las partes del pleito estén plenamente enteradas de todo lo que allí acontece y [así] puedan expresarse sobre todos los desarrollos en éste". *Rosario Domínguez, et als. v. ELA et al., supra,* a la pág. 215. También, le permite a la parte

contraria "anticipar sus propios pasos con respecto a los próximos eventos procesales del caso". *Íd.*, citando a *Lagares v. E.L.A.*, 144 DPR 601, 618 (1997). Finalmente, la notificación permite agilizar el trámite judicial. *Íd.* Así, pues, uno de los pilares del debido proceso de ley es la notificación adecuada del proceso. *Moreno Lorenzo y otros v. Depto. Fam.*, 207 DPR 833, 839 (2021).

**-B-**

Las Directrices Administrativas para la Presentación y Notificación Electrónica de Documentos mediante el Sistema Unificado de Manejo y Administración de Casos (Directrices Administrativas), según enmendadas, rigen lo relativo a la presentación, la notificación y la tramitación electrónica de los escritos que formen parte de los procesos judiciales. Se adoptaron en virtud de la Regla 67.6 de Procedimiento Civil, 32 LPRA Ap. V, R. 67.6, la cual dispone que:

> *Las alegaciones, mociones y demás escritos que se contemplan en estas Reglas se presentarán al tribunal por medios electrónicos, una vez se implanten las medidas administrativas y la tecnología necesaria para ello.* […]
>
> *El envío electrónico a la dirección o portal establecido por el Juez Presidente del Tribunal Supremo de Puerto Rico para cada Secretaría del Tribunal General de Justicia constituirá la presentación de escritos en el tribunal y en la Secretaría a la que se refiere estas Reglas. La presentación electrónica del escrito constituirá, a su vez, la notificación que debe efectuarse entre abogados, abogadas y partes que se autorrepresentan, según exigen estas Reglas. En estos casos, se entenderá que una firma electrónica constituirá el requisito de firma que exigen estas Reglas y tendrá la misma validez legal que la manuscrita o de puño y letra.*

En lo que nos concierne, la Sección IV de las Directrices Administrativas define los conceptos de "notificación electrónica" y "presentación electrónica" de la siguiente manera,

> *9. Notificación electrónica: comprende la transmisión electrónica de una comunicación generada por el SUMAC, ya sea cuando la Secretaria o el Secretario notifique un documento o un dictamen judicial, como*

*cuando un abogado o una abogada presente electrónicamente un documento al SUMAC.*

*[…]*

*13. Presentación electrónica: comprende la transmisión, recibo y notificación electrónica de documentos al Tribunal a través del SUMAC.*

La Sección VII de las Directrices Administrativas regula lo concerniente a la presentación de escritos de manera electrónica, y establece que:

*Como norma general, la presentación electrónica de documentos en el SUMAC constituirá la presentación de documentos en el Tribunal y en la Secretaría conforme a la Regla 67.6 de Procedimiento Civil, supra […]*

*[…]*

*Se exceptúa de lo anterior aquellos documentos que no puedan presentarse electrónicamente mediante el SUMAC conforme a los criterios establecidos en las Secciones V, XV y XIX de estas Directrices. […]*

*[…]*

*3. Otros escritos*

*[…]*

*b. Para presentar mociones o escritos deberá seguirse el procedimiento establecido en la Guía del Tribunal Electrónico sin necesidad de presentar físicamente en la Secretaría documento adicional alguno. […]*

*c. Una vez el abogado o la abogada culmine el procedimiento establecido en la Guía del Tribunal Electrónico, el sistema generará un comprobante de presentación. Entonces, el SUMAC generará una notificación del comprobante de presentación al correo electrónico del abogado o de la abogada presentante.*

Respecto a la notificación electrónica de escritos, la Sección IX (5) de las Directrices Administrativas provee que:

*La presentación electrónica de un escrito constituirá la notificación que debe efectuarse entre abogados y abogadas, según disponen las Reglas de Procedimiento Civil y las Reglas de Procedimiento Criminal, siempre y cuando hayan comparecido al caso. Una vez se presente un documento en el SUMAC conforme al procedimiento establecido en la Sección VII de estas Directrices Administrativas, se generará una notificación electrónica del documento presentado a las abogadas y abogados registrados en el caso.*

La notificación de comparecencia es un detalle importante a evaluar, ya que la Sección VII (5) de las Directrices Administrativas dispone que:

> *Cuando un abogado o una abogada asuma la representación legal de una parte en un caso, pero no lo haya iniciado en el SUMAC con su nombre de usuario y contraseña, deberá presentar electrónicamente en dicho caso una notificación de comparecencia u otra moción con su nombre de usuario y contraseña. De lo contrario, no recibirá las notificaciones electrónicas del Tribunal o de las partes.*

A modo de excepción, las Directrices Administrativas contemplan varias situaciones en las que el letrado presentante debe notificar su escrito por medios alternos, a saber: (1) si una de las partes en el proceso judicial comparece por derecho propio, y (2) cuando el abogado que presenta el escrito tiene, por virtud de ley, la obligación de notificarle a alguna entidad como, por ejemplo, el Ministerio Público, y dicha entidad aun no ha comparecido al pleito; (3) un documento u objeto que no pueda presentarse electrónicamente, ya sea por su propia naturaleza, por ley o por orden judicial; (4) cualquier otro documento que requiera entrega o diligenciamiento personal en el ámbito criminal o civil. Véase, Sección IX (6) y (7) y Sección XV de las Directrices Administrativas.

Finalmente, la Sección XX de las Directrices Administrativas reconoce que, cuando surja alguna situación no prevista por las directrices, "el juez o la jueza que presida el caso podrá reglamentar su práctica en cualquier forma que no sea inconsistente con estas Directrices Administrativas o con cualquier legislación aplicable". A su vez, la Sección XXI de las Directrices Administrativas menciona que éstas "no alterarán las normas sustantivas ni el ordenamiento jurídico vigente", y que su interpretación será "compatible y complementaria con las Reglas de Procedimiento Civil".

**III.**

De entrada, debemos mencionar que, de conformidad con los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, este foro apelativo intermedio se encuentra en posición de expedir el auto. Ante la discreción que poseemos para atender el asunto, procedemos a resolver la controversia.

Toda vez que los señalamientos de error presentados por la parte peticionaria se encuentran íntimamente relacionados, procedemos a discutirlos conjuntamente.

Según revela el tracto procesal discutido, el Tribunal de Primera Instancia determinó que carecía de jurisdicción para atender la petición de reconsideración presentada por MRD. Esto, debido a que, a pesar de que el peticionario presentó su reconsideración oportunamente, éste no corroboró que, en efecto, SUMAC le hubiese notificado su escrito a todas las partes del pleito. Fundamentó su decisión bajo la premisa de que: (1) la representación legal de MRD tenía el deber de asegurarse que la notificación automática se generó para todas las partes concernidas, y (2) en caso de que alguna de las partes promovidas no hubiese recibido la notificación automática que genera SUMAC, debía notificárseles el escrito a través de algún otro medio alterno.

En su escrito, MRD argumenta que el foro primario erró al declararse sin jurisdicción, toda vez que presentó su "Moción de Reconsideración" dentro del término dispuesto en ley y, conforme la Regla 67.6 de Procedimiento Civil, *supra,* la presentación electrónica de un escrito constituye, a su vez, la notificación del mismo. Además, sostiene que, por tratarse de un error atribuible al sistema SUMAC, este debió considerarse como justa causa. Tiene razón.

Según adelantamos, nuestras Reglas de Procedimiento Civil reconocen el derecho de los litigantes a ser notificados de los escritos que se producen durante el trámite judicial, incluyendo "todo escrito presentado por las partes". Véase, Regla 67.1 de Procedimiento Civil, *supra.* Como ya explicamos, una parte puede notificar sus escritos a través de distintas vías, incluyendo medios electrónicos como, por ejemplo, correo electrónico o SUMAC. Regla 67.2 de Procedimiento Civil, *supra.*

La presentación electrónica de un escrito por SUMAC constituye la presentación de escritos en el tribunal y, a su vez, la notificación que debe efectuarse entre abogados, siempre y cuando hayan comparecido al caso. Véase, Regla 67.6 de Procedimiento Civil, *supra*; Sección IX (5) de las Directrices Administrativas. Es por esto que, una vez el abogado asume la representación legal de una parte a través del SUMAC, éste recibirá vía electrónica las notificaciones de las partes. Véase, Sección VII (5) de las Directrices Administrativas. Presentado el documento por SUMAC, se generará una notificación electrónica del documento presentado a los abogados registrados en el caso. Sección IX (5) de las Directrices Administrativas.

Precisamente, por esta razón es que la presentación de documentos a través del SUMAC comprende su notificación electrónica, la cual se define como aquella comunicación generada por el SUMAC cuando un abogado presenta electrónicamente un documento a través de este sistema. Véase, Sección IV de las Directrices Administrativas.

En el caso de autos, el representante legal de MRD presentó oportunamente un escrito a través de SUMAC, específicamente una solicitud de reconsideración. Según lo discutido, **la presentación de este documento debió generar una notificación electrónica del documento presentado a todos los**

**abogados registrados en el caso**. **No obstante**, **el sistema no le notificó este escrito al abogado de Deya**, **aun cuando éste ya había comparecido al caso en representación de dicha entidad**.

Somos del criterio que, **esta situación no constituye un problema técnico del SUMAC** (**avería o mantenimiento**) **que haya impedido a la representación legal del peticionario presentar su documento**. El hecho de que la moción de reconsideración fue radicada el 7 de febrero de 2023 no está en disputa,[9] así surge de la notificación electrónica generada por el SUMAC.[10] Por consiguiente, no nos encontramos ante alguna de las circunstancias particulares (problemas asociados al equipo y sistemas del usuario) que contempla la Sección XIX de las Directrices Administrativas.

De igual manera, tampoco está presente alguna de las excepciones por las cuales el abogado presentante debe notificar su escrito por medios alternos, pues: (1) Deya no comparece por derecho propio; (2) no existe obligación en ley de notificarle a alguna otra entidad que no ha comparecido al pleito; (3) la solicitud de reconsideración no puede catalogarse como un documento u objeto que no pueda presentarse electrónicamente; y (4) mucho menos requiere entrega o diligenciamiento personal. Véase, Sección IX (6) y (7) y Sección XV de las Directrices Administrativas.

Más bien, nos encontramos ante una situación no prevista, regulada por la Sección XX de las Directrices Administrativas. Así, le correspondía al foro *a quo* considerar las circunstancias particulares del caso, y ejercer su facultad decisoria de forma consistente y compatible con la legislación aplicable, **incluyendo**

---

[9] Véase, "Resolución" recurrida. El recurrido tampoco ha cuestionado este hecho, sino que, por el contrario, lo admite. Véase, "Moción para que Permanezca en toda su Fuerza y Vigor la Sentencia Parcial del 24 de enero de 2023, Notificada el 25 de enero de 2023"; apéndice pág. 46.
[10] Véase, apéndice pág. 40.

**las Reglas de Procedimiento Civil**. Véase, Sección XXI de las Directrices Administrativas.

En lo pertinente, la Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47, dispone que, la parte afectada por una orden o resolución del Tribunal de Primera Instancia podrá solicitar la reconsideración de dicha orden o resolución. A su vez, la precitada regla provee que "[l]a moción de reconsideración se notificará a las demás partes en el pleito dentro de los quince (15) días establecidos por esta regla para presentarla ante el tribunal de manera simultánea. **El término para notificar será de cumplimiento estricto**". (Énfasis nuestro). Por lo tanto, **cuando una moción de reconsideración es notificada fuera del término de cumplimiento estricto que dispone la Regla 47**, *supra*, **es posible que dicho término sea prorrogado**, **siempre y cuando la parte que presenta la solicitud demuestre justa causa por la cual no pudo notificar oportunamente**. *Rivera Marcucci v. Suiza Dairy*, 196 DPR 157, 176 (2016).

Como ya explicamos, el abogado de Deya había comparecido al caso en representación del recurrido y, como su representante legal, SUMAC debió notificarle automáticamente sobre la petición de reconsideración presentada por el peticionario. Sin embargo, por algún problema, el cual no podemos considerar como uno técnico, SUMAC falló en notificar el escrito al recurrido, **aun cuando ya estaba incluido en la lista de notificaciones y había sido notificado de todos los escritos anteriores**. Considerando que la falta de notificación es atribuible al SUMAC, que el SUMAC no advirtió al abogado de MRD sobre la falta de notificación,[11] y que la petición de reconsideración se presentó en término, **concluimos que existe justa causa para prorrogar el término de**

---

[11] De ordinario, SUMAC notifica al abogado presentante si surge algún problema con la presentación de un escrito.

**notificación dispuesto en la Regla 47 de Procedimiento Civil**, *supra*.

No podemos, como hizo el foro de instancia, imponerle al abogado del peticionario la obligación de verificar que el SUMAC haya hecho su trabajo, puesto que las Directrices Administrativas ni la legislación aplicable exigen tal requerimiento. A pesar de que la Sección XX de las Directrices Administrativas otorga al juez que presida el caso autoridad para reglamentar la práctica cuando surja alguna situación no prevista por las directrices, no es menos cierto que dicha prerrogativa debe ser acorde con las Directrices Administrativas y las Reglas de Procedimiento Civil. La determinación del foro recurrido no tan solo es inconsistente con las Directrices Administrativas,[12] sino que, equivale a imprimirle un sello de desconfianza a la presentación electrónica de documentos a través del SUMAC. Reiteramos que, en justa perspectiva, la situación estuvo fuera de las manos del peticionario, y como tal, constituye justa causa para prorrogar el término de notificación dispuesto en la Regla 47 de Procedimiento Civil, *supra*.

Habiendo concluido que MRD notificó su "Moción de Reconsideración" fuera de término, pero con justa causa, nos corresponde determinar la fecha en que, en efecto, se notificó la solicitud. El peticionario sugiere que demos por notificada su petición el 19 de mayo de 2023, fecha en que Deya informó al Tribunal que advino en conocimiento de la petición,[13] y que no le fue notificada. Empero, tomamos como fecha de notificación el 1 de diciembre de 2023, o sea, el día en que se emitió la "Resolución"

---

[12] Las Directrices Administrativas contemplan situaciones específicas en las que será responsabilidad del abogado presentante advertir a la parte promovida mediante métodos alternos. Véase, por ejemplo, la Sección VII (4)(a) de las Directrices Administrativas.

[13] A esos efectos, indicó que se enteró mediante una llamada del Lcdo. Ángel M Martín Landrón, representante legal de la codemandada PROSITE. Véase, apéndice pág. 44.

recurrida. Esto, pues, no es hasta esta fecha que el recurrido se entera, por medio oficial del tribunal y no por una llamada telefónica, sobre la presentación de la solicitud de reconsideración.

**IV.**

Por los fundamentos que anteceden, los que hacemos formar parte de este dictamen, revocamos la "Resolución" recurrida, emitida por el Tribunal de Primera Instancia, Sala de San Juan.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones